UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARION TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:07-cv-105 |
| v. ) | |
| ) | |
| CITY OF KIMBALL, TN, ) | Chief Judge Curtis L. Collier |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is Defendant's motion for summary judgment (Court File No. 6). Having reviewed the parties' briefs (Court File Nos. 7, 10), the evidence, and the applicable law, the Court will **DENY** the summary judgment motion (Court File No. 6).

**I. RELEVANT FACTS**

Defendant is a municipality, whose employment decisions are apparently made by the mayor and four city alderman. Plaintiff began working for Defendant as a maintenance worker in 1999. In July 2002, he was promoted to maintenance supervisor, in which earned an additional $1 per hour.

In August 2005, an alderman, Rex Pesnell, allegedly asked Plaintiff how old he is, to which Plaintiff answered 63. Pesnell allegedly told Plaintiff it is time to step down from his position due to his age and health. Pesnell denies making the comment. A teenage seasonal employee corroborates Plaintiff's allegation and testified Pesnell ended the conversation by saying, "It is time for you to step down and let a younger man have your job."

The next day, Plaintiff spoke to another alderman, Rance Castle, to inquire about the status of his job. Plaintiff told Castle about Pesnell's alleged comments, of which Castle had been unaware. A few hours later, Pesnell allegedly apologized to Plaintiff and admitted he "messed up."

Plaintiff also testified that Mayor George David Jackson made "several" age-related comments, including asking how old Plaintiff was and saying, "You are getting up there, aren't you?"

The four alderman and Mayor Jackson met in May 2006 and decided to demote Plaintiff from supervisor back to a regular maintenance worker on the grounds he was having difficulties supervising his workers. Plaintiff allegedly admitted having difficulty supervising his workers, but he denies there was a problem, and two of his four employees testified there were no complaints about him.

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative

evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

Plaintiff brought claims under the Tennessee Human Rights Act ("THRA") and 42 U.S.C. § 1983.

### A. Tennessee Human Rights Act

The THRA makes it unlawful to "discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of . . . age." Tenn. Code Ann. § 4-21-401(a)(1). The analytical framework for such claims is the same as for age discrimination claims under federal law. *Frye v. St. Thomas Health Servs.*, 227 S.W.3d 595, 609 (Tenn. Ct. App. 2007).

An age discrimination claim can be proved through direct or circumstantial evidence. *Id.* (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997)). "The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Kline*, 128 F.3d at 348-49. In this case, Defendant ignored the direct evidence path, basing its summary judgment motion only on the circumstantial path. But Plaintiff's claim succeeds

3

based on direct evidence.

"[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Tepper v. Potter*, 505 F.3d 508, 516 (6th Cir. 2007) (citing *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003)). "Such evidence 'does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group.'" *Id.* (quoting *Johnson*, 319 F.3d at 865). Comments made by individuals involved in the decision-making process regarding a plaintiff's employment constitute direct evidence. *See Carter v. Univ. of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). Accordingly, the alleged comments about Plaintiff's age by Pesnell and Jackson are direct evidence of age discrimination, and Defendant's summary judgment motion must fail.

### B. Section 1983

Plaintiff also alleges a violation of 42 U.S.C. § 1983. Defendant argues it lacks a custom or policy that would make it, as a municipality, liable. However, this employment decision was made by the city's mayor and alderman. "Even a single action can be official municipal policy, as long as the decisionmaker acts with a governmental authority." *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 262 (6th Cir. 2006) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). A single decision by a properly constituted legislative body "unquestionably constitutes an act of official government policy." *Pembaur*, 475 U.S. at 480. Accordingly, summary judgment is inappropriate on this claim.

### C. Damages

Defendant seeks to limit compensatory damages and bar punitive damages. Defendant is

4

correct that punitive damages are not allowed against a municipality under § 1983. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); *Estate of Callahan v. Detroit*, 863 F.2d 47 (6th Cir. 1988). In addition, punitive damages are not allowed in this case under the THRA. *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 36 (Tenn. 1997) (holding THRA authorizes punitive damages only in discriminatory housing cases).

Defendant seeks to limit compensatory damages, but based on the evidence provided by Defendant, it is not clearly entitled to judgment. For instance, the extent of Plaintiff's mental anguish cannot be easily resolved merely because he can only name one specific person who commented on his demotion and did not seek professional treatment.

### IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** the summary judgment motion (Court File No. 6).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**